IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY R. GARCIA,          ) | No. C 05-0341 MMC (PR) |
| )  Plaintiff,              ) | **ORDER PROVIDING PLAINTIFF NOTICE PURSUANT TO WYATT v. TERHUNE; SCHEDULING SUPPLEMENTAL BRIEFING** |
| v.                         ) | |
| )                          ) | |
| RIICHARD KIRKLAND, et al., ) | |
| )  Defendants.             ) | |
| _____) | |

    On January 25, 2005, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2005, after reviewing the complaint, the Court found plaintiff had stated cognizable claims for relief and ordered the complaint served upon defendants. In the same order, the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

    On November 21, 2005, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that plaintiff had failed to exhaust his administrative remedies. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003) (providing nonexhaustion claim should be raised in unenumerated Rule 12(b) motion rather than in motion for summary judgment). Plaintiff has

filed an opposition, defendant has filed a reply, and plaintiff has filed a "rebuttal" to the reply, a second opposition to the motion, and a motion for leave to file an amended complaint.

In deciding an unenumerated Rule 12(b) motion to dismiss for failure to exhaust nonjudicial remedies, a district court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.  If the court does look beyond the pleadings, however, the court must assure that a pro se prisoner plaintiff has "fair notice of his opportunity to develop a record." Id. at 1120 n.14.  A review of the file in this case reveals that plaintiff has not received the notice required by Wyatt.  Accordingly, the Court will not decide defendants' motion at this time, and instead will provide plaintiff with the below notice and an opportunity to supplement his opposition after having received such notice.[1]

Plaintiff is hereby notified:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

Further, in light of the Court's "Amended Order of Partial Dismissal And Of Service" filed concurrently herewith and in which additional claims have been found cognizable, defendants will be afforded an opportunity to amend or supplement their motion to dismiss.

---

[1] The Court notes that plaintiff has attached evidence to his opposition, his rebuttal and his supplemental opposition.  In requiring the above-referenced notice, however, Wyatt relied on Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), wherein the Ninth Circuit found harmless error analysis inappropriate, in the context of summary judgment, except in an "unusual case".  See id. At 961; Wyatt, 315 F.3d at 1120 n.14.

[2] The following notice is adapted from the summary judgment notice required for pro se prisoners set forth in Rand, 154 F.3d at 963.

2

In light of the foregoing, the Court hereby orders as follows:

1. Within **21 days** of the date this order is filed, defendants shall file a supplemental motion to dismiss to address the effect, if any, the additional claims found to be cognizable in the "Amended Order of Partial Dismissal And Of Service," filed concurrently herewith, have on the issue of exhaustion.

2. Plaintiff is granted an additional **21 days** from the date defendants file their supplemental motion to dismiss, in which to file any supplemental opposition to defendants' motion to dismiss, along with any additional evidence in support of both the original oppositions and any supplemental opposition.

3. Defendants shall file a reply within **7 days** of the date any such supplemental opposition and evidence is filed by plaintiff.

4. The Court will rule on plaintiff's motion for leave to file an amended complaint at such time as it rules on defendants' motion to dismiss, following the filing of supplemental briefing pursuant to this order.

IT IS SO ORDERED.

DATED: August 4, 2006

_____
MAXINE M. CHESNEY
United States District Judge

3